**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**FORUM ARCHITECTS, LLC.,**

    **Plaintiff,**

vs.                                                     **CASE NO. 1:07CV190-SPM/AK**

**ED CANDELA, et al,**

    **Defendants.**

                                          /

**O R D E R**

Presently before the court in the above entitled action is Plaintiff's Motion for Protective Order (doc. 64) and Defendants' response. (Doc. 65). Having considered said motion, the Court is of the opinion that leave to serve additional interrogatories should be granted to Defendant, thereby mooting Plaintiff's motion for protective order.

Plaintiff argues that Defendant has exceeded the number of interrogatories allowed by Rule 33(a), Federal Rules of Civil Procedure, when the subparts of each interrogatory is counted separately. Defendants argue that the subparts are not "discrete" within the meaning of the rule, and that the motion should be denied because there was no conferral prior to filing as required by Local Rule 7.1(B).

Rule 33(a), Federal Rules of Civil Procedure, provides:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

The Court agrees with the "related question" test applied in the two district court cases from the Eleventh Circuit and finds the rationale for its application in the present case persuasive.  The Middle District of Florida and the Northern District of Georgia have applied the "related question" test to determine whether the subparts are discrete, asking whether the particular subparts are "logically or factually subsumed within and necessarily related to the primary question." Oliver v. City of Orlando, 2007 WL 3232227 (M.D. Fla); Williams v. Taser International, Inc., 2007 WL 1630875 (N.D. Ga.). The "related question" test was deemed to be consistent with the Advisory Committee's Notes that states "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present and contents be stated separately for each such communication." See Rule 33(a) Advisory Committee Notes to 1993 amendment.  Additionally, when attempting to discern the precise meaning of a term, it is often beneficial to examine it in the dictionary which defines the term "discrete" as "distinct or unconnected elements."  See Merriam-Webster's Third Unabridged International Dictionary.

Applying the test and definitions set forth above, and without making any other determination about the discovery requests except as to whether the subparts are "discrete" or not, the Court finds as follows:

No. 1 of the First Set (doc. 64, exhibit A) asks related and connected questions about the person answering the interrogatories.  Plaintiff's motion is not well taken as to this interrogatory.

**No. 1:07cv190-SPM/AK**

No. 2 is also a standard question about persons with knowledge and the subject area of their knowledge.  This is considered one item of the initial disclosure requirements set forth in Rule 26(a)(1)(A) and will be considered one question here as well.  The motion is not well taken as to this interrogatory also.

No.3 asks whether Plaintiff has ever been known by other names, and if so, what names.  This is one question.  The interrogatory goes on to ask for all addresses used by Plaintiff in the last ten years, and what dates the Plaintiff resided at each address.  This is one question.  The interrogatory then goes on to ask when Plaintiff was founded.  This is one question.  Finally, it asks who all the officers and executives have been since January 1, 2000.  This is one question.  Plaintiff's motion is well taken as to this interrogatory.

No. 4 asks about prior lawsuits, when, what was the nature of the cause of action, which party, what court and when.  These are related and connected.  Plaintiff's motion is not well taken as to this interrogatory.

No. 5 asks about witness statements, by whom, when, to whom, the substance and context of the statements.  These are related and connected (like the example of inclusive subparts given in the advisory committee notes), and Plaintiff's motion is not well taken as to this interrogatory.

No. 6 asks for persons with documentary evidence in their possession, custody or control, what they have, where they are, and when it was prepared.  These are related and connected questions, and Plaintiff's motion is not well taken as to this interrogatory.

**No. 1:07cv190-SPM/AK**

No. 7 asks for information about every employee of Plaintiff who has quit, been fired, or resigned since January 2000, with their addresses, and the date they terminated their employment. These are related and connected questions, and Plaintiff's motion is not well taken as to this interrogatory.

No. 1 of the Second Set (Doc. 64, exhibit B) asks for the expert witnesses Plaintiff intends to call at trial and then asks related and connected questions such as their addresses, qualifications, subject matter of their testimony, and grounds for their opinions. Plaintiff's motion is clearly not well taken as to this interrogatory.

No. 2 asks for a list of damages, and includes the related and connected questions of when the damage occurred, to whom damages or expenses were paid, and for what. The motion is not well taken as to this interrogatory.

No. 3 asks if Plaintiff contends it has lost income, benefits, or earning capacity, and if so, what was the nature of each loss and how was the loss computed. This information is listed as one item in the Rule 26 initial disclosure requirements and will be considered as one question by this Court as well. Plaintiff's motion is not well taken as to this interrogatory.

No.4 asks Plaintiff to identify individuals with knowledge as to ten different business practices. Each practice is related and connected to the overall function of Plaintiff and will be considered as one question. The motion is not well taken as to this interrogatory.

**No. 1:07cv190-SPM/AK**

Nos. 5 and 6 ask Plaintiff to identify individuals that have invested in it and two other companies, and the members or partners of these three companies.  Since the Court is not apprised of the connection these three companies share, the subparts of these two interrogatories, as they relate to the other two companies, are deemed to be discrete subparts and must be counted as separate questions.

Nos. 7 and 8 ask for the particulars of several meetings referenced in Plaintiff's amended complaint.  Defendants are not specific about the number of meetings or the subject matter of these meetings and as such, their connection is not readily apparent to the Court.  Thus, without more information it seems that the meetings should be identified and separated perhaps by date, perhaps by subject matter, with subparts to be included as to the particulars of each meeting.

No. 9 asks for particulars about what each individual named therein (30) did to interfere with the business relationship between Plaintiff and Izaak Walton Investors.  This appears sufficiently related and connected to come within the meaning of Rule 33, and the subparts may be counted as one interrogatory.

Finally, Interrogatory No. 1 in Defendant Candela's Third Set of Interrogatories asks:

> If FA denied any of the statements contained in Defendant Ed Candela's First Request for Admissions to Plaintiff, which required that FA admit or deny that various individuals "never attended any meeting or gathering of a group known as 'Save Withlacoochee and Yankeetown,' a/k/a "S.W.A.Y.,' as to each such denial:
>
> a. when did the meeting or gathering occur?
> b. Where did the meeting or gathering [sic]?
> c. Who else attended the meeting or gathering?
> d.  How long did the meeting or gathering last?

**No. 1:07cv190-SPM/AK**

  e.  What was the purpose of the meeting or gathering?
  f. From what source (person, document, etc.) did you gain your knowledge concern [sic] such meeting or gathering?

Since discovery is not filed with the Court and the parties have not provided the admissions request referenced in this interrogatory, there is not enough information to make an informed determination as to whether these subparts are related or not.

As a final and important note, Plaintiff did not confer with Defendants prior to filing this motion and for this reason the Court could have denied the motion outright on this basis alone.  The rules regarding conferral and mandating good faith efforts to cooperate are designed to avoid the precise type of waste of judicial resources that resolution of the present motion required.  The parties could have resolved this between themselves with a modicum of cooperation and effort.  Thus, to compel this cooperation and obviate the need to revisit this issue, the Court hereby grants Defendants leave to serve interrogatories in excess of the numerical limitation set forth in Rule 33, Federal Rules of Civil Procedure, thereby mooting Plaintiff's motion for protective order.  This extension of the numerical limitation applies only as to No. 3 of the First Set of Interrogatories; Nos. 5, 6, 7 and 8 of the Second Set; and No. 1 of the Third Set of Interrogatories.

Accordingly, it is

**ORDERED:**

Plaintiff's Motion for Protective Order (doc. 64) is **DEEMED MOOT**.  Insofar as Defendants may have included discrete subparts in Interrogatory No. 1 of Candela's

**No. 1:07cv190-SPM/AK**

First Set, and Nos. 5, 6, 7, and 8 of Candela's Second Set and No. 1 of Candela's Third Set of Interrogatories, Defendants are granted leave to re-serve these interrogatories and to exceed the number set forth in Rule 33(a), Federal Rules of Civil Procedure.

**DONE AND ORDERED** this  **23nd**  day of January, 2008.


        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**No. 1:07cv190-SPM/AK**