IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FORUM ARCHITECTS, LLC,
a limited liability corporation

    Plaintiff,

vs.                                    Case No.  1:07-CV-190-SPM/AK

ED CANDELA, PAT CANDELA,
BILL COX, LILLIAN M. COX, DAWN
CLARY, KAREN GOODE, LARRY COHAN,
LINDA COHAN,  MARSHA DREW,
MIKE LINEBERGER, LARRY FELDHUSEN,
DIANE SCHEER, STEVE YOUNG,
BETTY BERGER, STEVE WEST,
SALLY PRICE, NANCY MOORE,
PEGGY PAGE, DAVE GATELIEN,
GENIE STURTEVANT, FRANK HODGE,
GRACIE HODGE, EDITH MCCRIMMON,
MIKE CLARY, JEAN DAWKINS, GEORGE
ROSS, MARY PATE and MAXINE COMER'S

    Defendants.
_____/

## ORDER GRANTING MOTION TO SET ASIDE DEFAULT

**THIS CAUSE** comes before the Court upon Plaintiff's "Motion for Entry of Clerk's Default" (doc. 31); "Defendant Michael Peters' Motion to Set Aside Default and Supporting Memorandum of Law " (doc. 38); and Plaintiff's memo in opposition to the motion to set aside the default (doc. 49).

A Clerk's Default was entered as to Michael Peters, on October 24, 2007.

Plaintiff now seeks a formal default judgment from the undersigned. Defendant Peters has responded by asking the Court to set the Clerk's Default, and have enumerated several grounds for failing to file a timely response to the Plaintiff's complaint, including, *inter alia*, confusion regarding service of the pleadings to Defendant and difficulty securing counsel to represent him in this matter.

Defendant Peters incorrectly assumed that he would have the same counsel as the town of Yankeetown. He later found out that this was not the case and that he would have to seek his own, separate counsel. Additionally, Defendant Peters claims that he was unsure about whether he was to respond to the original complaint or the amended complaint. By the time all these logistical issues were resolved, the Clerk's default had been entered. Therefore, Defendant Peters requests that the default be set aside and that he be allowed to respond to this claim. In response, Plaintiff claims that Defendant Peters does not show good cause for his untimely response to Plaintiff's complaint. In fact, Plaintiff claims that Defendant Peters has displayed an intentional and reckless disregard for judicial proceedings by throwing away the complaint after he received it.

Federal Rule of Civil Procedure 55(c) provides that a federal district court may set aside an entry of default for "good cause." The Eleventh Circuit has refrained from precisely outlining what constitutes "good cause" but it appears clear that district courts are to consider "whether the default was willful, whether

2

setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense," as well as, "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Compania Interamericana Export-Import, et al., v. Compania Domincana De Aviacion et al., 88 F.3d 948, 951 (11th Cir. 1996).

Having fully considered the aforementioned factors and the arguments of both parties, this Court finds that Defendant Peters default was not willful and that setting aside the default will not prejudice Plaintiff.  Accordingly, for good cause shown, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's motion for entry of default (doc. 31) is hereby DENIED.

2. Defendant's motion to set aside the Clerk's default (doc. 38) is hereby GRANTED.

SO ORDERED this twenty-fourth day of January, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

3