IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**FORUM ARCHITECTS, LLC,**

    **Plaintiff,**

vs.                                                              **CASE NO. 1:07CV190-SPM/AK**

**ED CANDELA, et al,**

    **Defendants.**

_____/

## O R D E R

Presently before the Court in the above entitled action are the following motions: (1) Plaintiff's Motion for Protective Order with Respect to Defendant Candela's First Request to Produce (doc. 87), with supplement (doc. 92); (2) Defendants Peters and Young's Motion to Quash or Modify and for Protective Order (doc. 82); and (3) Defendants' Motion for Protective Order. (Doc. 83). Having considered said motions, the Court is of the following opinion.

**Plaintiff's Motion for Protective Order (doc. 87)**

Plaintiff raises similar issues to a motion filed in the companion case of <u>Forum v. Jetton</u>, Case No. 1:07cv189-SPM/AK, which the Court addresses in an Order entered this same date in that case, and the Court will rule similarly here. Plaintiff's request for a confidentiality order is granted insofar as the parties are herein directed to confer and agree upon the terms necessary to alleviate Plaintiff's concerns that discovery materials

will be disseminated beyond those persons necessary to litigate this matter and submit such an order to the Court for entry prior to the production herein also directed.

**Request No.9**: FA's payroll/employment roster for each month, dating back to January 1, 2003.

**Objection sustained**. If Defendant is looking for witnesses, a list of employees would suffice. It is not necessary that payroll information be included in this request.

**Request No. 10**: Any and all payments records, copies of checks, records of cash or check payments, or other documents which evince or reflect any payments or income of any kind (taxable or otherwise) received by FA from IWI for or during the years 2003 - 2007.

**Objection overruled:** The Court agrees with Defendants that the claims made by Plaintiff are that Defendants interfered with the business relationship between it and IWI not the breach of a specific contract. Therefore, it is relevant within the meaning of Rule 26(b)(1), Federal Rules of Civil Procedure, to the defense of this claim what money Plaintiff received from IWI before and after the specific projects at issue to establish the fact and/or degree of injury from the alleged interference.

**Request No. 11**: Any and all handwritten notes created, prepared, compiled, etc., by any member of FA, or anyone working on behalf of FA, while preparing tax forms (whether state or federal) for FA or any partner or member of FA, for or during the years 2003 - 2007.

**Objection sustained**. The specific information about payments between IWI and Plaintiff herein ordered to be produced should provide this information more

**No. 1:07cv190-SPM/AK**

specifically than could be gleaned from sifting through handwritten notes concerning tax preparation.  Further, persons with relevant information about damages, insofar as they have not already been identified during initial disclosures, could best be discovered by an interrogatory tailored to this specific information.

**Request No. 12**: Any and all correspondence (regardless of format) sent to, or received from, the following entities or individuals, or anyone acting on their behalf (including attorneys) of these entities or individuals since January 1, 2004; (18 persons or entities listed).

**Objection sustained.**  Defendants agree that they can narrow their request as to time frame and to exclude tax or financial information from partners and members of the Plaintiff.  The Court would also suggest that the request be narrowed further to subject matter since it is so broadly written as to encompass wholly unrelated correspondence.  Defendant should rephrase this request and re-serve it.

**Request No. 13**: Any and all materials or documents FA, or any FA partner or member, created, consulted, generated, produced, or relied upon in preparing tax forms for FA or any partner or member of FA, for or during the years 2003 -2007.

**Objection sustained**. See ruling as to Request No. 11 above.

**Request No.14**: Any and all unpaid statements or bills for services provided by FA to IWI for services rendered since January 1, 2004.

**Objection overruled**.  See ruling as to Request No. 10 above.

**No. 1:07cv190-SPM/AK**

**Request No. 15**: Any and all materials or documents confirming or evincing the actual filing of tax forms with the IRS by FA, or any partner or member of FA, for or during the years 2003-2007.

**Objection sustained**. Plaintiff has agreed to produce tax returns for the years 2006 and 2007, but the other information sought by this request is overbroad and in the Court's opinion vague and irrelevant as well.

**Request No. 16**: Any and all materials or documents received from, or transmitted to, the IRS related to any penalties assessed by the IRS against FA, or any partner or member of FA, for or during the years 2003-2007.

**Objection sustained**. See ruling as to Request No. 11 above. The information Defendants allege that they are seeking by this request, i.e. identity of witnesses and information about damages, can best be sought by specific requests tailored to that information. IRS penalties have no apparent relevancy to the claims in this lawsuit.

**Motions to Quash and for Protective Order (docs. 82 and 83)**

Plaintiff has served subpoenas upon a number of internet providers seeking "any and all emails into or from the following email addresses listed below from June 1, 2005 to the current time...." [email addresses of the defendants]. Defendants move to quash these subpoenas on the grounds that they are overly broad, seek irrelevant and privileged information, and are being employed as a fishing expedition.

The motions were served upon Plaintiff on February 8, 2008, and February 11, 2008, and there has been no response within the time provided by the local rules.

**No. 1:07cv190-SPM/AK**

Regardless of a response, the Court agrees that these subpoenas should be quashed as overly broad and as seeking irrelevant and potentially privileged information.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Motion for Protective Order and Supplement (docs. 87 and 92) are **GRANTED IN PART**, as to Request Nos. 9, 11, 12, 13, 15, and 16, and **DENIED** in all other respects.

2.  The parties are directed to negotiate and submit for entry a confidentiality order governing discovery in this case on or before **March 17, 2008.** Within ten days of entry of this Order, the production ordered herein shall be concluded.

3.  Defendants' motions to quash and for protective order (docs. 82 and 83) are **GRANTED**, and the subpoenas at issue are **QUASHED**.

**DONE AND ORDERED** this 7th day of March, 2008.


  _s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**No. 1:07cv190-SPM/AK**