IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**FORUM ARCHITECTS, LLC,**

    Plaintiff,

vs.                                                 CASE NO. 1:07CV190-SPM/AK

**ED CANDELA, et al,**

    Defendants.

_____/

## O R D E R

Presently before the Court in the above entitled action is Defendants' Motion for Protective Order/Motion to Quash Subpoena Issued to Capital City Bank. (Doc. 148). Having considered said motion and the response thereto (doc. 152), the Court is of the opinion that the motion should be **GRANTED IN PART AND DENIED IN PART**.

At issue is a subpoena duces tecum issued to Capital City Bank on June 30, 2008, seeking production on July 17, 2008 of the following:

> Any and all bank account records for that entity known as S.W.A.Y., a/k/a Save Withlacoochee and Yankeetown. The documents requested pursuant to this subpoena include, but are not limited to all electronically stored documents concerning this account, all signature cards for this account, copies of all cancelled checks denoting withdrawals from this account, copies of all check checks deposited into this account, copies of all deposit slips, and copies of all bank statements for this account.

Defendant requests a protective order on grounds of First Amendment privilege, specifically that this information is not relevant to the issues raised in this lawsuit and

the subpoena is meant to chill their rights to associate by punishing them for their involvement in SWAY, which was purportedly formed to preserve the small fishing village character of Yankeetown, and which has opposed the developmental plans of the Plaintiff.  Defendants further contend that since several lawsuits have been filed against Yankeetown officials by the Plaintiff, there is real fear that identification of others who have contributed funds to SWAY may result in their being made defendants in a lawsuit, and the presently named defendants have already been served with discovery pertaining to their involvement in SWAY.  Thus, Defendants contend, there can be no other purpose for the banking information except to intimidate persons for their association in this group or identify other potential defendants.

Plaintiff asserts in response (doc. 152) that the bank records will "chronicle the life and activities of SWAY and the individual involvement of the Defendants in SWAY, as well as their intentional interference with Forum's contract with IWI by stopping the project." (Doc. 152, p. 3).  Defendants, Plaintiff contends, used the funds in the SWAY account to achieve the interference at issue in the case.  Plaintiff also argues that the first amendment right to associate does not extend to groups formed for illegal purposes.

The Court finds that the information sought, as it pertains to the named Defendants, is sufficiently relevant to make it discoverable, and that any First Amendment concerns can be alleviated by limiting the discovery sought to bank information pertaining to the named Defendants only.  Any reference to other persons

**No. 1:07cv190-spm/ak**

should not be included in the document production or should be carefully redacted from the documents produced in such a manner so that no other persons may be identified.

Accordingly, it is

**ORDERED:**

Defendants' Motion for Protective Order (doc. 148) is **GRANTED IN PART**, insofar as banking information pertaining to persons other than themselves may be excluded from the scope of the subpoena served upon Capital City Bank and/or redacted from the documents responsive thereto in such a way as to avoid identification of any persons not named as defendants in this lawsuit. The motion is **DENIED** in all other respects. **The time to respond to the subpoena is hereby extended through July 25, 2008, in order to make the appropriate redactions as set forth herein.**

**DONE AND ORDERED** this  *15th*  day of July, 2008.

       *s/ A. KORNBLUM*
       **ALLAN KORNBLUM**
       **UNITED STATES MAGISTRATE JUDGE**

**No. 1:07cv190-spm/ak**