UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

GAINESVILLE DIVISION

FORUM Architects, L.L.C.,                             CASE NO.: 1:07-CV-00190-SPM
a Limited Liability Corporation,

    Plaintiff,

v.

ED CANDELA, ET AL,

    Defendants.
_____/

### DEFENDANT, MICHAEL PETERS', MOTION FOR ENLARGEMENT OF TIME

    COMES NOW, Defendant, MICHAEL PETERS, by and through undersigned counsel and in accordance with Rules 6(b) and 34(b)(2)(A) of the Federal Rules of Civil Procedure and Rule 7.1(A)(1) of the Local Rules, and files this Motion for an Enlargement of Time within which to respond to Plaintiff's Second Request for Production, and in support thereof, respectfully submit:

    1.    This matter arises from Plaintiff's allegations that Defendant, Michael Peters ("Mr. Peters"), inter alia, made essentially defamatory remarks about Plaintiff and its employees/agents.[1]

    2.    On or about August 22, 2008, Plaintiff served Mr. Peters with its Second Request for Production, which requests the production of any and all emails to and from Mr. Peters and twenty-seven (27) different individuals over a period of six (6) months.

---

[1] It is important to note Plaintiff's allegations in this regard are stated in terms of a false light invasion of privacy claim, which is not a universally accepted cause of action under Florida law. Mr. Peters' motion to dismiss this claim is still pending before this Honorable Court. (Doc. 130).

3.  Given the breadth of information contemplated by Plaintiff's Second Request for Production, and because an internal administrative error delayed the undersigned's receipt of same in his office, the undersigned requested a twenty (20) day extension within which to provide responses. By correspondence dated September 22, 2008, a copy of which is attached hereto as **Exhibit A**, opposing counsel refused our request, but granted a ten (10) day extension.

4.  The undersigned was delayed in speaking to Mr. Peters regarding Plaintiff's requests, as he has been until recently unavailable due to his full-time employment and attendance at two unanticipated funerals and events related thereto.

5.  On October 1, 2008, the undersigned advised Mr. Peters of Plaintiff's requests and of the efforts he would be required to undertake to comply with same. Given the volume of electronic correspondence Mr. Peters *and the undersigned* will need to review and produce, the undersigned then contacted Plaintiff's counsel by telephone, and requested another fourteen (14) day extension.

6.  By correspondence dated October 1, 2008, a copy of which is attached hereto as **Exhibit B**, Plaintiff's counsel refused our request.

7.  Importantly, upon information and belief, many of the communications contemplated by Plaintiff's requests may contain sensitive information regarding an FDLE investigation, and may require an in camera inspection by this Honorable Court.

8.  The undersigned and Mr. Peters are giving Plaintiff's discovery their immediate attention and making every effort to produce the requested documents without overlooking privileged or otherwise sensitive materials, or waiving applicable objections.

9. This Motion is not being filed for purpose of delay, nor will it prejudice the rights of the parties hereto.

8. Mr. Peters requests leave to provide his response to Plaintiff's Second Request for Production within fourteen (14) days from the date hereof.

WHEREFORE, Defendant, MICHAEL PETERS, respectfully requests that this Honorable Court enter an Order allowing him to respond to Plaintiff's Second Request for Production until October 16, 2008, and afford such further relief as this Honorable Court may deem just and proper.

Case No. 1:07-CV-00190-SPM

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct of the foregoing was served via U.S. Mail on this **2nd** day of October, 2008, to: **Harriet R. Lewis, Esquire**, Lewis, Stroud & Deutsch, P.L., 1900 Glades Road, Suite 251, Boca Raton, FL 33431, Counsel for Plaintiff; **Susan E. Seigle, Esquire,** Dell & Graham, P.A., 203 N.E. 1st Street, Gainesville, FL 32601-5367, Counsel for Defendants, Michael Peters and Steve Young; **Dale A. Scott, Esquire,** Bell, Roper & Kohlmyer, P.A., 2707 East Jefferson Street, Orlando, FL 32803 and **Thomas D. Haines, Esquire,** Gray, Ackerman & Haines, P.A. 125 N.E. 1st Avenue, Suite 1, Ocala, Florida 34470, Counsel for Defendants, Candela et al.

        **COLE, SCOTT & KISSANE, P.A.**
        Attorneys for Defendant, Michael Peters
        Bridgeport Center, Suite 750
        5201 West Kennedy Boulevard
        Tampa, Florida 33609
        Telephone: (813) 864-9373
        Facsimile: (813) 286-2900

By:   /s/ Aram P. Megerian
        **ARAM P. MEGERIAN, ESQ.**
        FBN: 0057983
        E-Mail:aram.megerian@csklegal.com

L:\3228-0350-00\P\Mtn for Ext for Time re P's 2d RFP.doc

*Lewis Stroud & Deutsch, P.L.*

Gary K. Oldehoff, Esq.                                                      Direct Dial: 561 826 2806

September 22, 2008

**<u>VIA FACSIMILE 813-266-2900</u>**
Aram P. Megerian, Esq.
Cole Scott & Kissane, P.A.
Bridgeport Center, Suite 750
5201 W. Kennedy Blvd.
Tampa, FL 33609

      Re:    Forum Architects, LLC v. Candela, et al, (Michael Peters)
              Our File No.: 13009

Dear Mr. Megerian:

    We are in receipt of your September 22, 2008 faxed and letter requesting a twenty day extension to respond to Plaintiff's Second Request for Production, which we served on August 22, 2008. Ms. Lewis is out of the office today but has discussed the request with me. Given you have already had thirty days to attend to the requests, and also in light of the amount of time that you seem to be devoting to all of your answers to our discovery, we do not believe a twenty day extension is necessary or warranted. We would, nevertheless, be willing to agree to a ten-day extension, which we believe would be more than adequate to accommodate a complete and appropriate production.

                                                                 Sincerely,

                                                                 Gary K. Oldehoff

GKO/jm

cc:    Client



One Lincoln Place, 1900 Glades Road, Suite 251, Boca Raton, Florida 33431
Telephone — 561 826 2800   Facsimile — 561 826 2828

## Lee Smith

| | |
|---|---|
| **From:** | Scott Shelton |
| **Sent:** | Wednesday, October 01, 2008 10:32 PM |
| **To:** | Gary Oldehoff |
| **Cc:** | Aram Megerian; Dianne Pelaez; Lee Smith |
| **Subject:** | RE: Forum v. Candela - Plaintiff's Second Request for Production |



Gary,

Every reason for our request was not set forth below and, frankly, we did not think it was required. Most attorneys are amenable to such extensions and it is sad, after all these emails, we cannot agree.

However, your suggestion that Mr. Peters has done nothing to respond to these requests is wrong. As mentioned, he is not only looking for information responsive to Plaintiff's Second Request for Production, he is also responding to your approximately 200 Requests for Admissions. Moreover, you still have not suggested how your client is prejudiced by the brief extension. As I'm sure you can relate, I have unexpectantly been out of the office a lot recently and the same will be true over the next 14 days. Nonetheless, I even offered to take the materials with me during my "time off" (assuming some are provided) next week to ensure compliace with the extension. We also note, as discussed with you earlier, that I did not receive Plaintiff's Second Requests for Production "timely" due to an "internal" breakdown in our office. As such, there was a delay in our request for Mr. Peters' assistance. Regardless of your personal thoughts, I assure you that we and Mr. Peters are giving your discovery our immediate attention. Our offer for you to agree to our request is renewed again. If not accepted, we will proceed with filing our motion for an extension with the Court. We hope Court intervention for such a request will not be necessary.

---

**From:** Gary Oldehoff [mailto:GOldehoff@lsdlaw.net]
**Sent:** Wed 10/1/2008 3:29 PM
**To:** Scott Shelton
**Cc:** Harriet R. Lewis
**Subject:** RE: Forum v. Candela - Plaintiff's Second Request for Production

Scott –

We have discussed your e-mail with the client. Perhaps an explanation would be helpful.

We have already extended to Mr. Peters an additional ten days to respond to this Request for Production. Mr. Peters has had 40 days to respond to the Request for Production, during which time he has clearly done nothing. With today's technology, it does not take long to assemble and review e-mail in an e-mail program. Had Mr. Peters taken the Request for Production seriously, he would have already delivered to you what responsive materials he has, and you would have had plenty of time to review what he has provided and formulated an appropriate response.

Had Mr. Peters done what was required of him, we expect that we would be reviewing the e-mails by now.

Additionally, we are swayed by Mr. Peters' history to date with responding to our discovery in this case. To date, he has produced nothing and provided no more information than "I do not know." Most recently, rather than answer plaintiff's requests for admission, he responded with lazy and evasive answers that caused the court to compel him to answer and pay sanctions.

In short, we simply do not see that Mr. Peters takes any of this seriously, and we expect that yet another extension of fourteen days will counterproductive.

At the same time, while we do not believe that are unduly trying to delay matters at this point, you could and

should have done more with Mr. Peters to assure that he would respond to the Request for Production on time. And while you may want Mr. Peters to get off his duff at this point, whether he actually does is unlikely. Having to wait fourteen more days to see what happens seems like something we just do not want to do. Fool me once, shame on you; fool me twice, shame on me.

Finally, we believe that we would be remiss if we did not say something about your observation (perhaps in passing) that you question the relevancy of this information. Before you err into another order compelling production and imposing sanctions, we want to call to your attention that the Request has included Instructions, the sixth of which instructs that "All requests seek items generated or relating to events as alleged in the Complaint from the date of the incident alleged in the lawsuit through the present, unless otherwise specified." As so posed, we are confident that the relevancy of the information sought by the specific request for production is beyond debate.

Gary.

---

**From:** Scott Shelton [mailto:Scott.Shelton@csklegal.com]
**Sent:** Wednesday, October 01, 2008 5:34 PM
**To:** Gary Oldehoff
**Cc:** Harriet R. Lewis; Aram Megerian; Lee Smith; Dianne Pelaez
**Subject:** RE: Forum v. Candela - Plaintiff's Second Request for Production

Gary,

We are asking as a professional courtesy for you to reconsider your response to our request. As I discussed at length with you earlier today, we and Mr. Peters are doing everything possible to respond to your outstanding discovery requests. This includes Plaintiff's Third, Fourth, Fifth, Sixth, and Seventh Requests for Admissions wherein the last two alone ask for over 100 admissions. Moreover, your Second Request to Produce request all emails from 27 different people for a 6 month period. Our request for the extension applies to the Second Request to Produce only. Although we question the relevancy of this information, unless it is somehow related to this lawsuit, we AND Mr. Peters need additional time so he can confirm whether he is in possession of such documents and, if so, whether the documents contain any information that should be reviewed in camera by the Court first. I assure you we are not unduly trying to delay matters.

Also as discussed with you, we understand Mr. Peters currently works full time and has recently had to take personal time to attend two unanticipated funerals. We also note there are no depositions scheduled at this time and, in fact, there has not been one deposition taken to date in this case. As such, we can see no prejudice to your client in granting our request. We simply need additional time for Mr. Peters to see what responsive materials he has and, more importantly, we need time to review what he may provide us to ensure we are not breaking anyone's confidentiality that may occur by producing the emails. Other objections may apply as well but we simply do not know that at this time.

Again, we and Mr. Peters are doing everything possible to respond to Plaintiff's voluminous amount of written discovery. We are asking you again for the requested extension and doing so nicely. If you will not agree, we will file the appropriate motions with the Court. We hope that is not necessary.

Scott A. Shelton, Esq.
Cole, Scott & Kissane, P.A.
Bridgeport Center, Suite 750
5201 W. Kennedy Blvd.
Tampa, FL 33609
Direct: 813-864-9307
Fax: 813-286-2900
Office: 813-289-9300
Miami - West Palm Beach - Tampa - Key West
Ft. Lauderdale - Naples - Jacksonville

**From:** Gary Oldehoff [mailto:GOldehoff@lsdlaw.net]
**Sent:** Wednesday, October 01, 2008 5:01 PM
**To:** Scott Shelton
**Cc:** Harriet R. Lewis
**Subject:** Forum v. Candela - Plaintiff's Second Request for Production

Scott –

We have discussed with the client your request for an additional fourteen days beyond the ten days we have already agreed to. Please be advised that we cannot agree to this request.

Gary K. Oldehoff, Esq.
Lewis Stroud & Deutsch, P.L.
1900 Glades Road
Suite 251
Boca Raton, Florida 33431
(561) 826-2800
Fax: (561) 826-2828